**In the Matter of CHISAGO LAKES SCHOOL DISTRICT, Independent School District No. 2144, and J.D.**

**No. A04–1615.**

Court of Appeals of Minnesota.

Jan. 4, 2005.

---

Margaret O'Sullivan Kane, Center for Education Law, Ltd., St. Paul, MN, for relator.

Martha J. Casserly, Assistant Attorney General, St. Paul, MN, for respondent Minnesota Department of Education.

Paul C. Ratwik, Isaac Kaufman, Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, for respondent ISD # 2144.

Considered at Special Term and decided by TOUSSAINT, Chief Judge; WILLIS, Judge; and HUDSON, Judge.

## SPECIAL TERM OPINION

TOUSSAINT, Chief Judge.

### FACTS

J.D., a minor child, attends school in the Chisago Lakes School District, Independent School District No. 2144 (the district). J.D. receives special education and related services from the district. In February 2004, the district initiated an administrative hearing under Minn.Stat. § 125A.091, subd. 12 (Supp.2003), seeking a determination that J.D. is no longer eligible for special education services. The Commissioner of Education appointed a hearing officer, who conducted an evidentiary hearing. In a decision dated June 30, 2004, the hearing officer ruled that the district should be permitted to terminate special education services to J.D. because J.D. no longer meets the eligibility criteria.

On August 30, 2004, appellants, the parents of J.D., served and filed a notice of appeal and statement of the case, challenging the hearing officer's decision. This court questioned whether appellants should have obtained a writ of certiorari rather than filing a direct appeal. Appellants and the district filed informal briefs.

## DECISION

■ Before Minn.Stat. § 125A.091 (Supp.2003) was enacted, the procedure for an administrative decision pertaining to the identification, assessment, and educational placement of children with a disability was governed by Minn.Stat. § 125A.09 (2002). The former procedure involved a due process hearing initiated and conducted by and in the district responsible for providing services, with the right to obtain review of the local decision by a hearing review officer. *Id.*, subds. 6, 7, 9. The statute allowed an appeal from the hearing review officer's decision to this court in accordance with chapter 14. *Id.*, subd. 10. Proceedings for judicial review under chapter 14 are instituted by serving and filing a petition for a writ of certiorari not more than 30 days after the party receives the final decision and order of the agency. Minn.Stat. §§ 14.63, 64 (2002).

In 2003, Minn.Stat. § 125A.09 was repealed and replaced by Minn.Stat. § 125A.091.2003 Minn. Laws 1st Spec. Sess. ch. 9, art. 3, §§ 9, 21. The new procedure entitles a parent or the school district to an impartial due process hearing conducted by the state when a dispute arises over the identification or provision of services to a child with a disability. Minn.Stat. § 125A.091, subd. 12(a). The parent or district may seek review of the hearing officer's decision by this court. *Id.*, subd. 24. A party must "appeal" to this court within 60 days of receiving the hearing officer's decision. *Id.* But the new statute does not indicate that state judicial review must be in accordance with chapter 14, nor does the new statute indicate how an "appeal" to this court should be made.

■ "[I]n the absence of an adequate method of review or legal remedy, judicial review of the quasi-judicial decisions of administrative bodies, if available, must be invoked by writ of certiorari." *Dietz v.* *Dodge County*, 487 N.W.2d 237, 239 (Minn. 1992). "Because it mandates nonintrusive and expedient judicial review, certiorari is compatible with the maintenance of fundamental separation of power principles, and thus is a particularly appropriate method of limiting and coordinating judicial review of the quasi-judicial decisions of executive bodies." *Id.*

The district argues that because the underlying proceeding is a contested case as defined by chapter 14, the Administrative Procedure Act, certiorari review is appropriate under Minn.Stat. §§ 14.63–.69. Although Minn.Stat. § 125A.091, subd. 24, does not refer to an appeal by certiorari or to chapter 14, the court contends that the new statute does not change the method of appeal, but rather simply increases the time to petition for a writ of certiorari from 30 days to 60 days.

Appellants argue that Minn.Stat. § 125A.091, subd. 24, should be construed as authorizing a direct appeal to this court, rather than a certiorari appeal. This court has "appellate jurisdiction over all courts, except the supreme court, and other appellate jurisdiction as prescribed by law." Minn. Const. art. VI, § 2. Except as provided by statute, a direct appeal may be taken from "a final order, decision, or judgment affecting a substantial right made in an administrative or other special proceeding." Minn. R. Civ.App. P. 103.03(g).

Because Minn.Stat. § 125A.091, subd. 24, simply provides for an "appeal" to this court and does not specify the appropriate method of obtaining judicial review, we will accept jurisdiction over this direct appeal from the hearing officer's June 30, 2004 decision. But in view of the policy reasons favoring certiorari review of the quasi-judicial decisions of executive bodies, as explained in *Dietz*, 487 N.W.2d at 239, we resolve the ambiguity in Minn.Stat.

§ 125A.091, subd. 24, regarding the method of appeal by holding that in future cases, review of the hearing officer's decision shall be by certiorari. Because the underlying proceeding is analogous to a contested case hearing under the Administrative Procedure Act, certiorari review shall be in accordance with Minn.Stat. §§ 14.63–.69, except that, as prescribed by Minn.Stat. § 125A.091, subd. 24, the appeal period shall expire within 60 days after the party appealing receives the hearing officer's decision.

Appeal to proceed.